ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| UDAI HEALTHCARE LIMITED LIABILITY<br><br>APELANTES<br><br>V.<br><br>NOGAMA CONSTRUCTION CORP.<br><br>APELADOS | KLAN202400018 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Arecibo<br><br>Caso Núm. AR2021CV00145<br><br>Sala: 401<br><br>Sobre:<br><br>INCUMPLIMIENTO CONTRATO; DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de febrero de 2024.

Comparece ante nos UDAI Healthcare LL.C. y (en adelante, UDAI) mediante un recurso apelativo intitulado *Solicitud de Auto de Revisión*. En su escrito, nos solicita la revocación de una *Sentencia* emitida el 28 de noviembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Arecibo (en adelante, TPI). En la referida determinación, el foro primario desestimó la demanda instada en contra de NOGAMA Construction Corp. (en adelante, NOGAMA) de conformidad a la Regla 39.2(a) de Procedimiento Civil.

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen apelado.

**I.**

En aras de brindar una cabal comprensión sobre los hechos medulares del caso de epígrafe, presentamos una relación detallada del tracto procesal ante el foro primario.

El 17 de mayo de 2021, UDAI presentó una *Demanda* por incumplimiento contractual y daños y perjuicios en contra de NOGAMA

Construction Corp., el Consejo de Titulares del Edificio Torre Médica II (en adelante, Consejo de Titulares) y la Junta de Directores del Condominio (en adelante, la Junta de Directores).[1] En esencia, alegó que en el 2017 pactó con NOGAMA un *Contrato de Arrendamiento* sobre una oficina situada en el edificio Torre Médica. Indicó que posteriormente acordó con la aludida corporación un proyecto de construcción para establecer una farmacia en la oficina arrendada. Sin embargo, aseveró que en múltiples ocasiones la administración y la Junta de Directores obstaculizaron el proyecto. En vista de lo anterior, reclamó una cuantía no menor de $5,000,000.00 en concepto de daños y la imposición de honorarios. De manera oportuna, los codemandados presentaron sus respectivas contestaciones a la *Demanda*.

Luego de una serie de trámites procesales, el 28 de abril de 2022, el TPI celebró una vista para atender el estado del procedimiento del caso. **Ese día, decretó que las partes iniciaran el descubrimiento de prueba dentro de los próximos diez (10) días.** [2] **Además, dispuso que concluyera dicho proceso el 12 de septiembre de 2022.** (Énfasis nuestro). Así las cosas, el 6 de mayo de 2022, NOGAMA sometió una *Moción al Expediente Judicial* en la cual notificó que cursó al apelante un *Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos a la demandante* con el fin de recibir su contestación dentro del término de treinta (30) días. De igual modo, el 12 de mayo de 2022, el Consejo de Titulares presentó una *Moción al Expediente Judicial* a los fines de notificar que remitió al apelante un *Primer Pliego de Interrogatorios, Producción de Documentos y Requerimiento de Admisiones*.[3]

En respuesta, el 1 de septiembre de 2022, UDAI presentó una *Moción Informativa* por conducto de su representante legal. [4] En dicho

---

[1] Apéndice de Apelante, págs. 7-19. El 8 de febrero de 2022, el foro primario emitió una *Sentencia Parcial*, notificada el 9 de febrero de 2022. En ese dictamen, desestimó la causa de acción instada en contra de la Junta de Directores por no poseer personalidad jurídica para responder como parte en la reclamación judicial. Véase, también, Apéndice de Apelante, págs. 69-71.
[2] Apéndice de Apelante, págs. 86-87. El TPI emitió dicha *Orden* mediante un documento intitulado *Minuta* emitida el 28 abril de 2022.
[3] Apéndice de Apelante, págs. 88-89.
[4] Apéndice de Apelante, págs. 90-91.

escrito, el abogado notificó que había enfrentado problemas de salud. Indicó que se comunicó con los codemandados para solicitarles quince (15) días adicionales con el propósito de brindar su contestación al descubrimiento de prueba. Informó, a su vez, que el representante corporativo de UDAI, el señor Ashwani Sheoran, residía en Estados Unidos, por lo que, había presentado la correspondiente fianza para comparecer como demandante. En vista de lo anterior, solicitó al tribunal una nueva fecha para extender el descubrimiento de prueba. **Evaluada su petición, el 3 de octubre de 2022, el foro primario emitió una *Orden*, notificada el 4 de octubre de 2022 extendiendo el término de descubrimiento de prueba hasta el 30 de noviembre de 2022**.[5]

Eventualmente, el 13 de diciembre de 2022, el TPI celebró una vista para atender el estado de los procedimientos. Ese día, el representante legal de la parte demandante indicó que los interrogatorios requeridos estaban contestados, sin embargo, faltaba completar sus respectivas declaraciones juradas. Acorde con lo informado, el tribunal dispuso lo siguiente:

> **Se concede término perentorio a la parte demandante de 20 días para cumplir con las contestaciones a los interrogatorios y sean cursados a las partes bajo advertencias de sanciones de conformidad a la Regla 39.2(a) so pena de la desestimación**.
>
> Abogados acuerdan y el Tribunal ordena se reserve los días 20, 21 y 22 de febrero de 2023 y 12 y 13 de abril de 2023 para la toma de deposición del Sr. Ashwani Sheroan y cualquier otro testigo que entiendan.
>
> **El descubrimiento de prueba queda culminado el 30 de junio de 2023. A partir de esta fecha según dispone la regla, 30 días para presentar mociones dispositivas y 20 días posteriores para presentar cualquier oposición**.
>
> Se señala la Conferencia con Antelación a Juicio para el 16 agosto de 2023 a las 9:00 a.m. (Énfasis nuestro).[6]

Así ordenado, el 9 de enero de 2023, NOGAMA sometió una *Moción de Desestimación Conforme a la Regla 39.2(a) de Nuestras Reglas de*

---

[5] Apéndice de Apelante, pág. 97.
[6] Apéndice de Apelante, pág. 98. El TPI emitió la citada *Orden* mediante una *Minuta* emitida el 27 de diciembre de 2022 y notificada el 19 de diciembre de 2022.

*Procedimiento Civil.*[7] Posteriormente, el Consejo de Titulares presentó su *Moción de Desestimación al Amparo de la Regla 39.2(a) de Procedimiento Civil Vigentes e Incumplimiento de Orden Perentoria Emitida por este Tribunal el 13 de diciembre de 2022.*[8] En estas peticiones, los codemandados señalaron que el término perentorio de veinte (20) días para completar el descubrimiento de prueba había transcurrido sin estos recibir las contestaciones requeridas al demandante. Por tanto, solicitaron la desestimación con perjuicio de la causa de acción instada en su contra. Tras evaluar los argumentos esbozados, el 26 de enero de 2023, el TPI dictaminó una *Orden* con el siguiente pronunciamiento:

> **Se imponen $100.00 de sanción al Lcdo. Edgardo Zapata Torres por incumplir con la orden emitida en la vista de 13 de diciembre de 2022 para que cursara contestación a interrogatorios a la parte demandada. Esto de conformidad con la Regla 39.2 (a) de las de Procedimiento Civil. Cumpla con lo ordenado en 30 días, sujeto a desestimación de la demanda. Notifíquese esta Orden a UDAI HEALTHCARE LIMITED LIABILITY COMPANY, según lo requiere la regla antes citada como preámbulo de desestimación.** (Énfasis nuestro).[9]

A su vez, emitió una *Orden* adicional notificando a la parte demandante y a su representante legal **que un posterior incumplimiento conllevaría la desestimación de su demanda.** (Énfasis nuestro).[10]

El 20 de febrero de 2023, UDAI sometió una *Moción Informativa y en Cumplimiento de Orden* por conducto de su representante legal.[11] En dicho escrito, indicó que el 21 de febrero de 2023 depositaría la cuantía correspondiente a la sanción impuesta por el tribunal. Además, informó que (1) el representante corporativo de UDAI procede de la India, (2) reside en estado de Pensilvania de Estados Unidos, y (3) suele comunicarse en el idioma inglés. Añadió que éste había viajado al estado de Carolina del Norte para atender una situación de salud de un familiar. Aseveró, que llegaría a Puerto Rico el 22 de febrero de 2023, por lo que, el proceso de deposiciones iniciaría ese mismo día y concluiría el 24 de febrero de 2023.

---

[7] Apéndice de Apelante, págs. 99-100.
[8] Apéndice de Apelante, págs. 101-104.
[9] Apéndice de Apelante, pág. 105.
[10] Apéndice de Apelante, pág. 106.
[11] Apéndice de Apelante, págs. 107-108.

El 21 de febrero de 20223, el Consejo de Titulares presentó una *Moción de Réplica a Moción Informativa y en Cumplimiento de Orden.*[12] Al día siguiente, NOGAMA radicó un documento intitulado *Moción Uniéndonos a Réplica Presentada por Consejo de Titulares del Condominio Torre Médica II, Dr. Pedro Blanco Lugo.*[13] En dichos escritos, nuevamente solicitaron la desestimación por el incumplimiento del apelante con las órdenes dictaminadas por el tribunal. En respuesta a dichas solicitudes, el 27 de febrero de 2023, UDAI presentó un escrito intitulado *Moción al Expediente* informando que cursó a los demandados su contestación en torno al *Primer Pliego de Interrogatorio, Producción de Documentos y Admisiones.* [14]

El 3 de marzo de 2023, NOGAMA radicó una *Moción Solicitando Orden y Sanciones* a la cual se le unió posteriormente el Consejo de Titulares. [15] En ambos escritos, los codemandados notificaron que el demandante entregó los documentos solicitados sin la firma ni la juramentación requerida en contravención de la Regla 30.1 de Procedimiento Civil. **Por consiguiente, peticionaron la imposición de una sanción por la conducta dilatoria del apelante, así como la desestimación de su demanda. Tras examinar las mociones aludidas, el 20 de marzo de 2023, el foro primario emitió una *Resolución*, notificada el 21 de marzo de 2023.[16] En esta determinación, dispuso lo siguiente:**

> **En este caso la representación legal del demandante ha incurrido en un patrón de incumplimientos en el descubrimiento de prueba. El interrogatorio cursado y la producción de documentos no se han contestado adecuadamente, aún cuando fueron remitidos el 6 y 12 de mayo de 2022, respectivamente. Fue necesaria una orden del tribunal al amparo de la Regla 39.2 (a) de las de Procedimiento Civil, bajo el apercibimiento de la desestimación en caso de nuevo incumplimiento. Dicha orden emitida el 26 de enero de 2023, tampoco fue cumplida adecuadamente. Ordinariamente procedería una desestimación en este caso habiendo sido notificado a la dirección de la parte demandante que**

---

[12] Apéndice de Apelante, págs. 109-111.
[13] Apéndice de Apelante, págs. 112-113.
[14] Apéndice de Apelante, pág. 116.
[15] Apéndice de Apelante, págs. 117-123 y 124-154.
[16] Apéndice de Apelante, págs. 158-161.

> **obraba en récord. Sin embargo, al límite del último término concedido, la representación legal del demandante informó que la orden de la sanción no fue recibida por la parte demandante pues ésta había cambiado de dirección sin haberse notificado de ello al tribunal previamente.**
>
> **La acción de la representación legal del demandante constituye una acción dilatoria de los procedimientos. La Regla 44.2 de Procedimiento Civil (32 LPRA Ap. V) le permite al tribunal "imponer costas interlocutorias a las partes y sanciones económicas, en todo caso y en cualquier etapa, a una parte o a su representante legal por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia".**
>
> **Por los fundamentos que anteceden se imponen a la representación legal de la parte demandante $500.00 de sanción económica de conformidad a la Regla 44.2 de las de Procedimiento Civil.** (Énfasis nuestro).[17]

El tribunal, también, emitió una *Orden* notificando a UDAI respecto a la sanción impuesta de conformidad a las exigencias de la Regla 39.2(a) de Procedimiento Civil.[18]

Sin recibir aún la documentación completada de los interrogatorios, el 24 de abril de 2023, el Consejo de Titulares radicó una *Moción en Torno a Alegado Cumplimiento y Reiterando Solicitud de Desestimación* a la cual se unió posteriormente NOGAMA.[19] **En síntesis, los codemandados alegaron que el demandante no había acatado las órdenes del foro primario. De nuevo indicaron que éste debió contestar los interrogatorios enviados de acuerdo con las formalidades exigidas en las Reglas 30.1 y 33 de Procedimiento Civil**. (Énfasis nuestro). Ante tales alegaciones, el 30 de abril de 2023, UDAI presentó una *Réplica a Moción de Desestimación de Torre Médica y NOGAMA*.[20] En ésta, señaló que remitió a los codemandados la contestación al *Primer Pliego de Interrogatorio, Producción de Documentos y Admisiones*. Sin embargo, advirtió que un notario en Estados Unidos certificó las declaraciones juradas, pero no colocó las apostillas. A pesar de tal deficiencia, adujo que cumplió con la correspondiente entrega el 10 de abril de 2023.

---

[17] Apéndice de Apelante, págs. 160-161.
[18] Apéndice de Apelante, pág. 155.
[19] Apéndice de Apelante, págs. 166-169 y 170-171.
[20] Apéndice de Apelante, págs. 172-174.

Posteriormente, el 9 de mayo de 2023, presentó una *Moción Informativa* acompañada de unas declaraciones juradas producidas en el estado de Delaware.[21] En particular, expuso que compareció ante otro notario, quien completó finalmente la certificación de las declaraciones juradas. En vista de lo anterior, solicitó la calendarización para la celebración de las deposiciones. **Evaluados los argumentos aludidos, el 31 de mayo de 2023, el foro primario emitió una *Orden*, notificada el 9 de mayo de 2023, declarando *No Ha Lugar* la solicitud de desestimación presentada por los demandados. [22] No obstante, dispuso que el apelante aclarara su respuesta relacionada con el descubrimiento de prueba del Consejo de Titulares**. (Énfasis nuestro).

En cumplimiento con la referida orden, el 19 de junio de 2023, UDAI presentó una *Moción Informativa* reiterando que compareció ante un notario público del estado de Delaware con el objetivo de certificar las declaraciones juradas.[23] Explicó que en la moción presentada el 9 de mayo de 2023 incluyó las declaraciones juradas remitidas a los codemandados, y certificó separadamente las respuestas al interrogatorio del Consejo de Titulares. Por último, solicitó nuevamente la calendarización de las deposiciones. **Luego de examinar su solicitud el 5 julio de 2023, el TPI dictaminó una *Orden*, notificada al día siguiente, extendiendo el descubrimiento de prueba por noventa (90) días para llevar a cabo las deposiciones restantes**. (Énfasis nuestro).[24]

Inconforme nuevamente con las deficiencias de los documentos cursados, el 13 de julio de 2023, el Consejo de Titulares presentó una *Réplica a Moción Informativa y Reiterada Solicitud de Desestimación*.[25] En su escrito, reiteró que UDAI sometió una moción el 19 de junio de 2023, sin embargo, los interrogatorios recibidos no contenían la declaración jurada conformidad a las exigencias procesales. Por lo anterior, solicitó la

---

[21] Apéndice de Apelante, págs. 178-186.
[22] Apéndice de Apelante, pág. 187.
[23] Apéndice de Apelante, págs. 188-190.
[24] Apéndice de Apelante, págs. 191.
[25] Apéndice de Apelante, págs. 192-197.

desestimación de la demanda por falta de diligencia en el trámite de descubrimiento de prueba. En contestación a tales alegaciones, UDAI presentó una *Moción Informativa* enfatizando que las declaraciones juradas fueron certificadas por un notario de Delaware.[26] Adicionalmente, solicitó la calendarización de la toma de deposiciones. **Evaluados los argumentos, el 10 de agosto de 2023, el TPI emitió una *Sentencia Parcial* declarando *Con Lugar* la moción de desestimación sometida por el Consejo de Titulares por no presentar sus declaraciones juradas de conformidad a las Reglas 30.1 y 33 de Procedimiento Civil**. (Énfasis nuestro). [27] Así dictaminado, el curso de acción legal continuó contra NOGAMA.

El 16 de agosto de 2023, el foro primario celebró una *Conferencia sobre el Estado de los Procedimientos.[28]* Durante ese día, el representante legal del demandante informó que le restaba entregar a la parte demandada el informe pericial. En lo concerniente a dicho proceso, el TPI emitió la siguiente orden:

> **Además, se concede al licenciado Zapata 45 días para rendir informe pericial.**
>
> **Una vez rendido el informe, el licenciado Rodríguez tendrá 20 días para evaluar el mismo e igual término de 45 días para rendir informe pericial de contratar prueba pericial.**
>
> Con relación a la toma de deposición de los dos funcionarios de Consejo de Titulares, el licenciado Zapata tendrá que tramitar las citaciones conforme la Regla 40 de PC.
>
> **Se extiende el descubrimiento de prueba hasta el 26 de enero de 2024 para culminar el descubrimiento de prueba.**
>
> **Partes acuerdan la toma de deposición al representante de UDAI Healthcare para el 1 de noviembre de 2024 a las 10:00 a.m. en la oficina del licenciado Rodríguez.**

---

[26] Apéndice de Apelante, págs. 198-237.

[27] Apéndice de Apelante, págs. 241-248. Tras la determinación desestimatoria, el apelante presentó una moción de reconsideración a los fines de reinstalar al Consejo de Titulares a su pleito. Sin embargo, el TPI dictaminó *No Ha Lugar* a dicha petición. Dispuso que concedió amplia oportunidad al demandante para cumplir con las órdenes emitidas de conformidad a las Reglas de Procedimiento Civil. Puntualizó que, a pesar de que en la solitud de reconsideración éste presenta una declaración jurada, dicho documento fue cursado únicamente a NOGAMA. Véase, también, Apéndice de Apelante, pág. 281.

[28] Apéndice de Apelante, págs. 249-250.

**Con relación a los 2 funcionarios que interesa tomar el licenciado Zapata, al momento tendrá que tramitarlo bajo la Regla 40.**

Se señala Conferencia con Antelación a Juicio para el 13 de marzo de 2024 a las 9:00 a.m. sujeto a la presentación de mociones dispositivas. (Énfasis nuestro).[29]

A los fines de cumplir con la precitada orden, el 28 de septiembre de 2023, UDAI presentó una *Moción Urgente Sobre Condición Médica del Perito de la Parte Demandante*.[30] Expuso que el perito confrontaba una situación de salud que le impedía rendir el informe pericial. Por tanto, peticionó que el tribunal le concediera treinta (30) días adicionales o que extendiera el término hasta que el médico del perito autorizara su alta.

**Atendida su solicitud, el 29 de octubre de 2023, el TPI emitió la siguiente *Orden*:**

**Se concede hasta el 31 de octubre de 2023. De continuar indispuesto por razones de salud, se concederá un término de 20 días perentorios para anunciar a nuevo perito**. (Énfasis nuestro).[31]

Luego, el 27 de octubre de 2023, el apelante radicó una *Moción Urgente sobre Actualización Condición Médica del Perito de la Parte Demandante*.[32] Informó que el perito se encontraba recibiendo atención médica. Por tanto, solicitó veinte (20) días adicionales para entregar el informe pericial. En respuesta, el 31 de octubre de 2023, NOGAMA presentó su *Oposición Moción Urgente sobre Actualización Condición Médica del Perito de la Parte Demandante*.[33] Adujo que el demandante no había presentado evidencia sobre la alegada condición de salud del perito. Añadió que éste ha dilatado el descubrimiento de prueba de forma irrazonable, y solicitó la imposición de una severa sanción económica.

El 20 de noviembre de 2023, la parte demandante sometió una *Moción Urgente sobre Actualización Informe de Perito de la Parte Demandante*.[34] En este escrito, informó que el perito se encontraba

---

[29] Apéndice de Apelante, págs. 249-250. El foro primario emitió dicha Orden a través de una *Minuta* correspondiente a la vista celebrada el 16 de agosto de 2023.
[30] Apéndice de Apelante, págs. 283-284.
[31] Apéndice de Apelante, pág. 285.
[32] Apéndice de Apelante, págs. 286-287.
[33] Apéndice de Apelante, págs. 288-289.
[34] Apéndice de Apelante, págs. 290-291.

finalizando el informe. De nuevo, peticionó dos (2) días adicionales para su entrega. Finalmente, el 27 de noviembre de 2023, notificó que el perito había concluido el informe, y que enviaría éste a la parte demandada.[35]

Examinado el patrón de constantes incumplimientos, el 28 de noviembre de 2023, el TPI dictó *Sentencia* desestimando con perjuicio la demanda instada en contra de NOGAMA.[36] Al respecto, emitió el siguiente pronunciamiento:

> **En este caso este Tribunal ha sido muy condescendiente con la parte demandante al conceder múltiples términos adicionales. También se le ha apercibido al abogado de la parte demandante y a la parte demandante que del continuo incumplimiento con los términos y las órdenes podría conllevar la desestimación de la Demanda. También en dos ocasiones este Tribunal se ha visto obligado a imponerle sanciones directamente al abogado de la parte demandante por el incumplimiento con los términos y las órdenes. Por último, estos pasos han sido notificados directamente a la parte demandante, por lo cual ésta tiene conocimiento real o constructivo de todo lo acontecido.**
>
> **Ante este cuadro de incumplimiento de la parte demandante con los términos impuestos y las órdenes de este Tribunal, este Honorable Tribunal dicta Sentencia desestimando la Demanda Enmendada, con perjuicio, en cuanto a Nogama Construction Corp.** (Énfasis nuestro).[37]

En desacuerdo con el referido dictamen, el demandante presentó una *Moción de Reconsideración*. En dicha solicitud, se limitó a argumentar que envió el informe pericial a la parte demandada. Evaluado su planteamiento, el tribunal recurrido declaró *No Ha Lugar* a la petición presentada.

Inconforme con la determinación, acudió ante nos mediante un escrito apelativo intitulado *Solicitud de Auto de Revisión*. En su recurso, plantea el siguiente señalamiento de error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA AL AMPARO DE LA REGLA 39.2 (A) DE PROCEDIMIENTO CIVIL, CONSTITUYENDO LA MISMA LA MÁS DRÁSTICA SANCIÓN, LA QUE NO SE JUSTIFICA BAJO LAS CIRCUNSTANCIAS PARTICULARES DEL CASO Y EL DERECHO APLICABLE.

---

[35] Apéndice de Apelante, págs. 292-293.
[36] Apéndice de Apelante, págs. 297-301.
[37] Apéndice de Apelante, págs. 300-301.

El 22 de enero de 2024, esta Curia emitió *Resolución* ordenando a a la parte apelada a expresarse en torno al recurso presentado. Eventualmente, el 7 de febrero de 2024, NOGAMA compareció ante nos solicitando una extensión de término para presentar su posición. El 21 de febrero de 2024 presentó Alegato de la parte apelada por lo que el recurso se dio por sometido.

**II.**

### A. Moción de desestimación al amparo de la Regla 39.2(a) de Procedimiento Civil

Nuestro ordenamiento jurídico favorece que los casos se ventilen en sus méritos. *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 221 (2001); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 124 (1992). Ahora bien, una parte no tiene derecho a prolongar la vida de su caso "sin más excusa para su falta de diligencia e interés en la tramitación del mismo que una escueta referencia a circunstancias especiales". *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 816 (1986). En tales escenarios, los tribunales ostentan la facultad "para imponer una serie de sanciones contra aquella parte que incumpla una orden del tribunal". *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, 2023 TSPR 110.

En contextos ocasionados por falta de diligencia los tribunales **"tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte; ese proceder, sin embargo, se debe ejercer juiciosa y apropiadamente"**. (Énfasis nuestro). *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982). A esos fines, la Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V. R. 39.2(a) preceptúa la siguiente normativa:

> **(a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra ésta o la eliminación de las alegaciones, según corresponda. Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal,**

**en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.** (Énfasis nuestro).

Este mecanismo procesal procura que una parte responda con prontitud con el fin de alcanzar la solución justa, rápida y económica de los casos y que las controversias se puedan atender en los méritos. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.* 2023 TSPR 110. Véase, también, *Valentín v. Mun. de Añasco*, 145 DPR 887, 896 (1998*).* No obstante, la precitada regla fija un proceso de notificaciones y apercibimientos previo a la desestimación del caso. Una vez se plantea ante el tribunal una situación que amerite la imposición de sanciones, este debe amonestar primeramente al abogado de la parte. *Mejías v. Carrasquillo*, 185 DPR 288, 297 (2012). Si la acción disciplinaria no produce efectos positivos, entonces procede la desestimación de la demanda o la eliminación de las alegaciones, **siempre y cuando la parte haya sido debidamente informada y apercibida de las consecuencias que acarrea el incumplimiento**. *Mejías v. Carrasquillo*, supra; Mun. de *Arecibo v. Almac. Yakima*, *supra*, págs. 222-223. (Énfasis nuestro). **Un tribunal no podrá imponer sanciones drásticas cuando "la parte que ejercita su derecho en corte no está informada de los trámites rutinario**s"*. Dávila v. Hosp. San Miguel, Inc.*, *supra*, pág. 814; *Ramírez de Arellano v. Srio. de Hacienda*, 85 DPR 823, 830 (1962). (Énfasis nuestro).

Es menester destacar que, la desestimación de una reclamación ha sido caracterizada como "la sanción máxima, la pena de muerte procesal, contra una parte". *VS PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253, 264 (2021) (citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho*

*procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 250.). La norma jurisprudencial "reconoce que sanciones como la desestimación de un pleito o la eliminación de las alegaciones son medidas drásticas que chocan con nuestra política pública a favor de que los casos se ventilen en sus méritos". *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 D.P.R. 689 (2020). Por tanto, "la privación a un litigante de su día en corte es una medida procedente solo en casos extremos*". Costas Elena v. Magic Sport Culinary Corp.*, 2024 TSPR 13; *Rosario v. Nationwide Mut.*, 158 DPR 775, 780 (2003).

Al evaluar si procede imponer la sanción severa de la desestimación, los tribunales deben emplear un balance entre los intereses en pugna que incluyen, por un lado, la mencionada política judicial de atender los casos en sus méritos y, por el otro, procurar la rápida dilucidación de las controversias. *VS PR, LLC v. Drift-Wind, Inc.*, supra, pág. 264. Por tanto, **la vía desestimatoria debe ser el último recurso, después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia, y en todo caso, no deber imponerse sin un previo apercibimiento**. (Énfasis nuestro). *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, *supra*, págs. 700-701; *Ramírez de Arellano v. Srio. de Hacienda*, 85 DPR 823, 830 (1962).

**III.**

En el presente caso, UDAI señala que incidió el foro primario al desestimar con perjuicio su demanda instada contra NOGAMA. En particular, contiende que el tribunal recurrido abusó de su discreción al decretar la desestimación de su reclamación. Sostiene que no procedía la drástica sanción, pues existían causas justificadas para la extensión del término del descubrimiento de prueba. Por tanto, argumenta que no medió desinterés ni inacción en la tramitación de su causa de acción. Arguye el dictamen desestimatorio le priva de su derecho a tener un día en la corte.

Tras revisar sosegadamente el tracto procesal del caso, resulta forzoso concluir que el foro primario actuó correctamente al desestimar la

demanda presentada en contra de NOGAMA. Durante el trámite del caso, la parte demandante incumplió en reiteradas ocasiones con las órdenes emitidas por el tribunal. **Su inacción y falta de diligencia en la tramitación del descubrimiento de prueba provocó que el tribunal recurrido desestimara su reclamación conforme al proceso dispuestos en la Regla 39.2(a) de Procedimiento Civil**. (Énfasis nuestro). Veamos.

Inicialmente, el foro primario dispuso que las partes concluyeran el descubrimiento de prueba el 12 de octubre de 2022. Sin embargo, el 1 de septiembre de 2022, UDAI presentó una *Moción Informativa* notificando que su representante legal había estado indispuesto de salud. Por tanto, solicitó la extensión de término para finalizar el descubrimiento de prueba. **En efecto, el TPI extendió el término de dicho proceso hasta el 30 de noviembre de 2022.** (Énfasis nuestro).[38]

A pesar de dicha extensión, el representante legal de UDAI indicó en la vista celebrada el 13 de diciembre de 2022 que requería tiempo adicional para juramentar ante un notario los interrogatorios remitidos por los codemandados. **Ese día, el tribunal le concedió al apelante veinte (20) días perentorios para concluir el descubrimiento de prueba. Por primera ocasión le informó sobre la posibilidad de una futura sanción económica e incluso desestimación bajo la Regla 39.2(a) de Procedimiento Civil en caso de surgir otro incumplimiento**. (Énfasis nuestro).[39]

Pese a la extensión de términos brindada, la parte demandante no cumplió con la orden emitida el 13 de septiembre de 2022. **A solicitud de los demandados, el 26 de enero de 2023, el tribunal impuso una primera sanción económica de cien dólares ($100.00) al representante legal de UDAI y concedió un término de treinta (30) días para que la parte demandante cursara los interrogatorios requeridos**. (Énfasis

---

[38] Apéndice de Apelante, pág. 97.
[39] Apéndice de Apelante, pág. 98.

nuestro). [40] **Surge del expediente, que el tribunal notificó dicha sanción a la dirección provista por UDAI y le apercibió sobre la posibilidad de una desestimación en caso de ocurrir un posterior incumplimiento de orden.** (Énfasis nuestro). [41]

Aun cuando el tribunal impuso dicha sanción, el trámite del caso continuó plagado de dilaciones e incumplimientos. El 27 de febrero de 2023, UDAI informó mediante una *Moción al Expediente* que cursó los documentos solicitados a los demandados.[42] No obstante, el 3 de marzo de 2023, NOGAMA y el Consejo de Titulares presentaron una *Moción Solicitando Orden y Sanciones* indicando que no sometió los interrogatorios a tenor con la Regla 30.1 de Procedimiento Civil. En respuesta a dicha solicitud, **el TPI impuso al representante legal del apelante una segunda sanción económica de quinientos dólares ($500.00) de conformidad a la Regla 39.2 (a) y la Regla 44.2 de Procedimiento Civil**. (Énfasis nuestro). [43] **Del expediente ante nuestra consideración, se desprende que el foro primario notificó al correo electrónico del representante corporativo de UDAI la determinación de la sanción impuesta, y a su vez, le apercibió de una posible desestimación en caso de surgir otro incumplimiento**.[44] (Énfasis nuestro).

Sin embargo, la corporación apelante prosiguió el curso de acción con su acostumbrado patrón de incumplimiento y falta de diligencia. **Por cierto, su inacción resultó tan severa que, el 10 de agosto de 2023, el foro primario dictaminó la desestimación de la demanda en contra del Consejo de Titulares, por no haber presentado sus interrogatorios acompañados de las declaraciones juradas de conformidad a la Regla 30.1 de Procedimiento Civil**. (Énfasis nuestro).[45]

---

[40] Apéndice de Apelante, pág. 105.
[41] Apéndice de Apelante, pág. 106.
[42] Apéndice de Apelante, pág. 116.
[43] Apéndice de Apelante, págs. 158-161.
[44] Apéndice de Apelante, pág. 155. Surge del expediente, que el foro primario notificó en idioma inglés la determinación precitada. Véase, también, Apéndice de Apelante, págs. 162-163.
[45] Apéndice de Apelante, págs. 241-248.

Así las cosas, **el 16 de agosto de 2023, el foro primario celebró una vista en la cual ordenó al representante legal de UDAI a rendir el informe pericial dentro del término de cuarenta y cinco (45) días**. (Énfasis nuestro). [46] No obstante, el 28 de septiembre de 2023, la parte apelante informó que el perito confrontaba una situación de salud. Por tanto, solicitó treinta (30) días adicionales para rendir el informe o un término hasta que el médico del perito autorizara su alta. **Evaluada su solicitud, el 29 de octubre de 2023, el tribunal recurrido emitió una orden concediendo hasta el 31 de octubre de 2023 para someter el aludido informe.[47] También le advirtió que, de continuar la situación de salud, debía anunciar un nuevo perito dentro de un término perentorio de veinte (20) días.[48]**

A pesar de las múltiples oportunidades brindadas por el tribunal, el apelante no presentó el informe pericial dentro del término ordenado. Acostumbrado a la habitual extensión de términos, el 27 de octubre de 2023, nuevamente solicitó veinte (20) días para someter el aludido documento.[49] Luego, el 20 de noviembre de 2023, peticionó dos (2) días adicionales para que el perito finalizara el informe. [50] **En un término contrario al ordenado por el tribunal, entiéndase, el 27 de noviembre de 2023, notificó que había concluido el informe pericial y que lo remitiría a la parte demanda.** (Énfasis nuestro). **En ese contexto de continuos incumplimientos y dilaciones, el tribunal determinó que procedía desestimar la demanda en contra de NOGAMA**. (Énfasis nuestro).

A la luz del tracto procesal reseñado, determinamos que el foro primario no abusó de su discreción. El dictamen apelado es cónsono con el procedimiento establecido en la Regla 39.2(a) de Procedimiento Civil. Previo a la desestimación de la demanda, el tribunal (1) impuso en dos

---

[46] Apéndice de Apelante, pág. 250.
[47] Apéndice de Apelante, pág. 285.
[48] Apéndice de Apelante, pág. 285.
[49] Apéndice de Apelante, págs. 283-284.
[50] Apéndice de Apelante, pág. 290.

ocasiones sanciones económicas al representante legal, (2) notificó directamente a la parte demandante al respecto y (3) concedió amplio término para cumplir con las órdenes. De hecho, a solicitud de la parte apelante, extendió en múltiples ocasiones el término para tramitar el descubrimiento de prueba.

Tras una serie de oportunidades concedidas y apercibimientos debidamente notificados a la parte demandante, el tribunal recurrido concluyó que procedía desestimar la demanda. Recordemos, pues, que el foro primario ostenta de poder discrecional para desestimar una demanda cuando una parte incumple reiteradamente con las órdenes del tribunal, **siempre y cuando ejerza esa facultad de manera juiciosa y apropiada**. (Énfasis nuestro). *Maldonado v. Srio. de Rec. Naturales*, *supra*, pág. 498.

Ciertamente, el tribunal de instancia actuó conforme al debido proceso de ley al conceder amplias oportunidades y apercibimientos tanto a la parte apelante, como a su representante legal. Por cierto, en instancias en que tenía la discreción para desestimar el caso en contra de NOGAMA, optó por conceder términos perentorios e imponer sanciones económicas. A pesar de las frecuentes concesiones judiciales, UDAI y su representante legal continuaron desplegando una conducta dilatoria, que evidenció su desinterés en la tramitación del caso. A raíz de esta situación, el foro primario se encontró imposibilitado de atender el caso en sus méritos. No halló más remedio que decretar la desestimación de la demanda como medida extrema.

Ante el cuadro de constantes incumplimientos y dilaciones injustificadas, no identificamos prejuicio, parcialidad, abuso de discreción o error de derecho que nos motiven a revocar el dictamen judicial. La aludida determinación merece nuestra deferencia, pues es cónsona con el trámite procesal contenido en Regla 39.2 (a) de Procedimiento Civil. En vista de lo anterior, confirmamos la *Sentencia* apelada.

IV.

Por los fundamentos antes expuestos *confirmamos* la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal